**U.S. DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INTERNATIONAL PLASTICS & EQUIPMENT CORP.,<br>　　　Plaintiff,<br>v.<br><br>TAYLOR'S INDUSTRIAL SERVICES, LLC,<br>　　and<br>SANDRETTO USA, INC.,<br>　　　Defendants. | CIVIL ACTION NO.: 07-CV-1053 |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND JUDGMENT BASED UPON ADMISSIONS OR ALTERNATIVELY FOR SANCTIONS FOR FAILURE TO PARTICIPATE AND COOPERATE IN DISCOVERY IN AID OF EXECUTION**

COMES NOW, Plaintiff International Plastics & Equipment Corp., by and through its counsel, John H. Williams, Jr., and Eckert Seamans Cherin & Mellott, LLC, and, having filed its motion seeking to amend the judgment entered against Defendant Sandretto USA, Inc., to name as judgment debtors those individuals and companies controlled by them and who have failed to participate in discovery in aid of execution in furtherance of these efforts, files the within Brief in Support:

**I.   Argument**

　　**A.  Introduction**

　　On March 11, 2010, this Court issued an order as follows:

> By March 25, 2010, IPEC shall file a brief in support of its present motion setting forth (1) authority for this Court's entry of judgment against individuals who are not parties to this case and who have not had an opportunity to be heard on the matter, and (2) propose sanctions for Sandretto's failure to respond to IPEC's discovery in aid of execution.

Docket, #51. This Brief is filed in response to the Court's order.

### B. Authority For Entry Of Judgment Against Individuals Not Parties To This Case And Who Have Not Had An Opportunity To Be Heard On The Matter

Recognizing that the power "to punish for contempt" should not be used lightly, the Supreme Court has stated that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911). Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner. NLRB v. Cincinnati Bronz, Inc., 829 F.2d 585, 590-91 (6th Cir. 1987). A district court has the inherent power to enforce its orders by contempt proceedings. Id. With respect to civil contempt proceedings, "[j]udicial sanctions ... may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947).

Moreover, **a corporate officer can be held in contempt for violation of an order directed solely to the company of which he is an officer**. Many decades ago, in a case where a corporate officer who failed to comply with a subpoena *duces tecum* had been held in contempt, the United Supreme Court stated:

> **A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs.** If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911) (corporation can be proceeded against in its corporate capacity at the same time that officers "are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation.") (emphasis added).

The Third Circuit has so held on more than one occasion. In Quinter v. Volkswagen of America, 676 F.2d 969, 972 (3d Cir. 1982), the Third Circuit Court set forth:

> It is not necessary that the person be formally served with the order, or that the violation be willful, Farber v. Rizzo, *supra*, or that there be intent to violate the court order. McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599, 604 (1949); Woolfolk v. Brown, 358 F.Supp. 524, 534 (E.D.Va.1973); United States v. Ross, 243 F.Supp. 496 (S.D.N.Y.1965). **In order for a person not a party to the proceeding to be found in contempt, he must have actual knowledge of the order, and he "must either abet the defendant, or must be legally identified with him."** Alemite Manufacturing Corp. v. Staff, 42 F.2d 832, 833 (2d Cir. 1930), *quoted in* Backo v. Local 281, Carpenters and Joiners of America, 438 F.2d 176, 181 (2d Cir. 1970), *cert. denied*, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971). *See also* Wright v. County School Board, 309 F.Supp. 671, 676-77 (E.D.Va.1970), *rev'd on other grounds sub nom.,* Wright v. Council of the City of Emporia, 442 F.2d 570 (4th Cir. 1971), *rev'd*, 407 U.S. 451, 92 S.Ct. 2196, 33 L.Ed.2d 51 (1972).

Quinter, *at* 973, *quoting* Thompson v. Johnson, 410 F.Supp. 633 (E.D.Pa.1976) (emphasis added). *See*, Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3rd Cir. 1999) (court has power to hold in contempt, not just party before the court, but also one with knowledge of a court order who abets another, who is therefore "surely in contempt"); Roe v. Operation Rescue, 919 F.2d 857 (3d Cir. Pa. 1990) (case law establishes that individuals, who are neither parties to a proceeding nor named in the court order at issue, may nonetheless be subject to the court's contempt powers if they have "knowledge of a valid court order and abet others in violating it."). *See also*, Electrical Workers Pension Trust Fund of Local Union #58, IBEW, 340 F.3d 373, 379 (6th Cir. 2003) (reversing district court determination that the court lacked jurisdiction to find contempt against corporate officers and collecting cases holding to the contrary); Cent. States, Southeast and Southwest Areas Pension Fund v. Wintz Props., Inc., 155 F.3d 868, 876 (7th Cir. 1998) (company's president and owner, a non-party to the lawsuit, also subject to injunction when the court's order was directed at the company and its officers); Chicago Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 507 (8th Cir. 2000) (corporate officer can be bound by a court's payment orders even

when the "orders [make] no specific reference to him."); NLRB v. Sequoia Dist. Council of Carpenters, AFL-CIO, 568 F.2d 628, 633 (9th Cir.1977) ("It can hardly be argued that the principal officers of a labor union are not legally identified with it, and thus liable in contempt for disobeying an order directed to the union."); Backo v. Local 281, United Bhd. of Carpenters & Joiners, 438 F.2d 176, 180 (2d Cir. 1970), *cert. denied* 404 U.S. 858 (1971).

Discovery in aid of execution asked Defendant Sandretto, USA, Inc., to admit that, through its officers, it has been engaged in an effort to convey its assets from itself to render itself insolvent and/or unable to pay the judgment entered in this action. Motion, ¶ 18. That was admitted. The discovery in aid of execution asked Defendant Sandretto to admit that it has received money, property and assets from various sources on many occasions during this litigation. Motion, ¶ 18. That was admitted. The discovery in aid of execution asked Defendant Sandretto to admit that, in anticipation of the judgment, it has regularly transferred such money, property and assets to the use and control of HPM America, LLC, Christopher Filos, Joseph A. Filos, Douglas E. Filos, Edward Finley, Richard Eichler, Gerard Sposato, and Dean Francis for inadequate consideration or no consideration at all. Motion, ¶ 18. That was admitted. The discovery in aid of execution asked Defendant Sandretto to admit that, since the judgment, Defendant Sandretto has regularly transferred such money, property and assets to the use and control of Christopher Filos, Edward Finley, Richard Eichler, Gerard J. Sposato, and Dean Francis ("Individuals") and HPM America, LLC, for inadequate consideration or no consideration at all, and that it did so to render itself unable to satisfy the judgment. Motion, ¶ 18. That was admitted. The discovery in aid of execution asked Defendant Sandretto to admit that **each of the Individuals** have the power to compel Defendant Sandretto to respond to the discovery in aid of execution. Motion, ¶ 18. That was admitted. Yet, Sandretto has never responded to the discovery in aid of execution. Motion, ¶ 21.

Additionally, Plaintiff served said Discovery in Aid of Execution upon each of the Individuals at multiple addresses. First, and dispositively, Plaintiff served said Discovery in Aid of Execution at the Mount Gilead, Ohio, address which Defendant Sandretto identified as its address at the inception of this litigation. Motion, ¶ 20; Motion, Exhibit A, Certificate of Service.

This is the address which Plaintiff alleged was the principal place of business of Sandretto USA, Inc. Complaint, ¶ 3. This is address which Defendant admitted was its address. See Answer, ¶ 3. This is the address to which process was served at the outset of this action. Proof of Service, Docket #7. At no time has Defendant Sandretto USA, Inc., filed any notice with the Court of any change in its principal place of business. *See Docket generally*

Yet, to date, neither Judgment Debtor Sandretto USA nor even one of the officers and/or key managerial employees ("Individuals") have responded to said discovery in aid of execution in any manner whatsoever. Motion, ¶ 21.

Plaintiff also attempted to serve Sandretto USA, Inc., and the Individuals at the Wall, New Jersey address, which efforts were returned by the post office as having an inadequate address or being "not deliverable." Service on the Sandretto USA, Inc., and the Individuals **at the Mount Gilead, Ohio, address has not been returned**.

Plaintiff also attempted to serve the motion on three of the Individuals — Christopher Filos, Joseph A. Filos, and Douglas E. Filos — at addresses believed to be their residential addresses. Motion, Exhibit A, Certificate of Service. Said service was not returned.

Additionally, Plaintiff has delivered the pending motion by email on March 10, 2010, to what appears to be the Individuals' newest business enterprise,[1] Plaintiff being advised and

---

[1]See:

http://www.ptonline.com/dp/showpt/show_index.cfm?code=SANDUSA&lcode=TL

informed through the Receivership that the assets of Sandretto USA, Inc., and HPM America, LLC, have been conveyed or are now being conveyed to a new entity, Polaris America, Inc. Said email was sent to the following addresses:

 cfilos@polarisamerica.com ← Christopher Filos

 jfilos@polarisamerica.com ← Joseph Filos -- RETURNED

 efinley@polarisamerica.com ← Edward Finley -- RETURNED

 reichler@polarisamerica.com ← Richard Eichler

 gsposato@polarisamerica.com ← Gerard Sposato

 dfrancis@polarisamerica.com ← Dean Francis -- RETURNED

The email to Christopher Filos, Richard Eichler and Gerard Sposato were not returned as invalid email addresses. See Collective Exhibit 1, hereto.

Plaintiff submits that it has carried any burden necessary of showing notice of these proceedings. Plaintiff further submits that Defendant Sandretto, USA, Inc., and its officers, directors and managerial employees have amply demonstrated their disregard of this Court and contempt for its processes since refusing to respond to or attend the Court-ordered conferences on December 18, 2008 or January 20, 2009, as well as the Court-ordered Case Management Conference held on February 19, 2009. *See* Motion for Entry of Default Judgment for Failure to Defend/Prosecute, Docket 42; Docket, Minute Entry, February 19, 2009. Plaintiff further submits that additional evidence of Defendant Sandretto's and the Individuals' contemptuous conduct has been difficult to

---

 http://plasticsnews.com/headlines2.html?id=17641

 http://www.polarisamerica.com/about-us/about-polaris.html

 http://www.polarisamerica.com/contacts/polaris-america-contact-directory/2-polaris-america-llc-lead-contacts/1-christopher-a-filos.html

 http://www.polarisamerica.com/contacts/polaris-america-contact-directory/2-polaris-america-llc-lead-contacts/8-richard-a-eichler.html

 http://www.polarisamerica.com/contacts/polaris-america-contact-directory/2-polaris-america-llc-lead-contacts/2-gerard-j-sposato.html

come by as they collectively refuse to participate in discovery intended to collect such information. Such tactics cannot be sufficient to render this Court a mere arbitration tribunal.

Additionally, this Court directed Plaintiff to address why judgment against the Individuals might be proper where they "have not had an opportunity to be heard on the matter." Plaintiff has no authority for such a proposition, but must reject the premise. The individuals have had ample opportunity to be heard; they choose not to speak. They had the opportunity to respond to the discovery in aid of execution and provide responsive information. They had the opportunity to respond to the discovery in aid of execution and deny the requests for admissions. They have at this juncture the opportunity to respond to and attempt to rebut any assertion set forth in the motion. They have at this point in time the opportunity set forth any defense to the relief requested they may have. This Court has the right, the power and the opportunity to afford the Individuals whatever forum the Court may deem necessary and appropriate to afford these Individuals yet another chance to avoid the consequences of their contemptuous conduct.

The Court may issue an order setting a deadline for Defendant Sandretto and the Individuals to set forth their reasons why the motion should not be granted. The Court could order an evidentiary hearing if Defendant Sandretto and the Individuals proffer a basis to oppose the relief sought that depends upon evidentiary issues. The Court could direct that notice of such an order be served personally on each individual; Plaintiff is not adverse to complying with whatever seems to this Court to be just and appropriate. Plaintiff does submit, however, that the Court might consider, when determining what procedures are available to Defendant Sandretto and the Individuals, the fact that they have not complied this Court's prior orders scheduling mandatory conferences. Plaintiff submits further that the Court might consider, when determining what procedures are available to Defendant Sandretto and the Individuals, the fact that, to date, they have not come

forward to challenge their own admissions, to dispute the facts presented in the Motion, to request to be heard, or to oppose the relief sought on factual or legal grounds.

Plaintiff submits that, at this point, the proper next step is to impose a deadline for Defendant Sandretto and the Individuals to respond. The Court may choose to order such a response. Plaintiff submits that the Court is free to direct that such an order be served by Plaintiff on Defendant Sandretto and/or the Individuals in any manner that satisfies the Court and, in that event, Plaintiff will exercise its best efforts to comply.

### C. Proposed Sanctions For Sandretto's Failure To Respond To IPEC's Discovery In Aid Of Execution

This Court's March 11, 2010, Order also directed Plaintiff to propose sanctions for Sandretto's failure to respond to IPEC's discovery in aid of execution. Plaintiff would propose the following sanctions:

1. That the requests for admissions contained within the Discovery in Aid of Execution be deemed to have been admitted by Sandretto USA, Inc.;
2. That Defendant Sandretto USA, Inc., be ordered to respond fully to the interrogatories and requests in aid of execution within 20 days of the date of the order;
3. That, upon failure to respond fully to the discovery in aid of execution or to pay the judgment in full within 20 days of the date of the order, the judgment be increased by $1,000 per day until Defendant Sandretto USA, Inc., responds fully to the discovery in aid of execution or the judgment is paid in full;
4. That any increase in the judgment under the order be equally applicable to the Individuals held liable for contempt.

It is Plaintiff's hope that such a ruling will wrench Defendant Sandretto from its unmindful disposition and cause it to either pay the judgment or participate in these proceedings. Such relief may also cause the Individuals, officially responsible for the conduct of Defendant Sandretto's affairs, to take notice of this Court's ability to deliver justice.

## II.     Conclusion

WHEREFORE, Judgment Debtor Sandretto USA and its officers and the key managerial employees having admitted that they are engaged in transactions intended to frustrate discovery and collection of this Court's judgment and that they are engaged in perpetrating fraudulent conveyances in furtherance of that scheme, Judgment Debtor Sandretto USA and its officers and the key managerial employees having admitted that they could compel Judgment Debtor Sandretto USA to comply with its to the Discovery in Aid of Execution yet have chosen not to, Judgment Creditor Plaintiff International Plastics & Equipment Corp. moves this Honorable Court to grant the relief sought in PLAINTIFF'S MOTION TO AMEND JUDGMENT BASED UPON ADMISSIONS OR ALTERNATIVELY FOR SANCTIONS FOR FAILURE TO PARTICIPATE AND COOPERATE IN DISCOVERY IN AID OF EXECUTION.

    /s/ John H. Williams, Jr.
John H. Williams, Jr.
Pa.I.D. # 59662
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, Suite 4400
Pittsburgh, PA 15219
412.566.2037

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND JUDGMENT BASED UPON ADMISSIONS OR ALTERNATIVELY FOR SANCTIONS FOR FAILURE TO PARTICIPATE AND COOPERATE IN DISCOVERY IN AID OF EXECUTION**

has been served on all parties, or their counsel of record, this 16th day of March, 2010, by first class mail, postage pre-paid, as follows:

Christopher Filos
2515 Jean Marie Court
Wall, New Jersey 08724

Joseph Filos
3000 Alicia Drive
Wall, New Jersey 08724

Douglas E. Filos
4 Holdman Pl
Millstone Twp., NJ 08535

Christopher Filos
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

Joseph Filos
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

Douglas E. Filos
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

Edward Finley
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

Richard Eichler
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

Gerard J. Sposato
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

Dean M. Francis
Sandretto USA, Inc.
820 Marion Road
Mount Gilead, OH 43338

   /s/ John H. Williams, Jr.
John H. Williams, Jr., Esquire