IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL PLASTICS     )
EQUIPMENT CORP.,          )
                           )
           Plaintiff,     )
                           )
        vs.             )  Civil Action No. 07-1053
                           )
TAYLOR'S INDUSTRIAL SERVICES, )
LLC and SANDRETTO USA, INC.,  )
                           )
          Defendants.    )

MEMORANDUM OPINION

A.   BACKGROUND

On July 27, 2007, International Plastics & Equipment Corporation ("IPEC") filed suit against HPM, A Taylor's Company ("HPM"), Taylor's Industrial Services, LLC ("Taylor's"), and Sandretto USA, Inc. ("Sandretto"), for breach of contract, breach of warranty, and misrepresentation.  After some limited discovery, the Court granted Defendants' motion for summary judgment on the breach of warranty claim[1] and dismissed HPM as a defendant, having been assured that HPM was "merely a division of Taylor's Industrial Services," and thus had no separate legal existence.  (Defendants' Brief in Support of Motion for Summary Judgment, Doc. No. 20, at 6.)

---

[1] For further details concerning the underlying dispute between the parties, see the Memorandum Opinion, Doc. No. 29, August 7, 2008.

Following unsuccessful attempts at mediation, the Court subsequently scheduled a pretrial conference for December 28, 2008.   Several weeks before the conference, Defendants' attorneys moved to withdraw their appearances for non-payment of fees.   The motion was granted on December 9, 2008, and the pretrial conference was continued to January 20, 2009, to give Taylor's and Sandretto the opportunity to obtain new counsel. No one entered an appearance on Defendants' behalf, and no one appeared at the conference.   IPEC then requested entry of default against Defendants and moved for default judgment.   A conference on the motion was scheduled for February 19, 2009; a copy of the notice was sent by the Court to Sandretto and Taylor's in care of the president and chief executive officer of both Defendants, Christopher Filos,[2] at the companies' joint address in Mount Gilead, Ohio.   (Doc. No. 45 at 2.)   Again, no one appeared at the conference for Defendants and no excuse was offered for the failure to appear.   A default judgment in the amount of $351,653.00 was entered against Defendants on March 11, 2009.[3]   Neither Defendant moved to have the default judgment set aside.

---

[2]   Because there are three persons with the family name of "Filos" involved in this matter, each of them is referred to by his full name.

[3]   Under Fed. R. Civ. P. 55(b)(2), a court may enter default judgment against a properly served defendant who fails to appear or otherwise

According to evidence submitted by Plaintiff, a receiver for Taylor's was appointed by the Court of Common Pleas of Franklin County, Ohio, on July 31, 2009, and all litigation against that Defendant was stayed.  IPEC was unaware of these proceedings and, in an attempt to recover the judgment from a bank account in which Taylor's was believed to have an interest, initiated garnishment proceedings on the account based on a transferred judgment.  A new entity, HPM America, LLC ("HPM America"), filed a motion to quash the subpoena issued by IPEC in its efforts to get bank records, stating that the account was not owned by Taylor's but by HPM America, which had not been a party to the underlying proceeding in which default judgment had been entered against Taylor's.  The motion to quash was supported by an affidavit from Christopher Filos as sole shareholder and president of HPM America.[4]

As the receiver and the bank attempted to sort out whether Taylor's or HPM America actually owned the bank account in

defend an action.  *See* E. Armata, Inc. v. 27 Farmers Mkt., Inc., CA No. 08-5212, 2009 U.S. Dist. LEXIS 67090, *5 (D. N.J. July 31, 2009), *citing* Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990).

[4] After Taylor's and Christopher Filos purchased Sandretto in 2005, he became president of that corporation as well; Taylor's and Christopher Filos were the sole shareholders of the company.  (Defendants' Concise Statement of Material Facts in Support of the Motion for Summary Judgment, Doc. No. 19, at ¶¶ 2-3.)  This is contradicted by Sandretto's 2008 federal income tax return which shows Taylor's as owning 100% of Sandretto. (*See* Plaintiff's Hearing Exh. M.)

3

question, it became clear -- at least in the mind of the receiver -- that Christopher Filos and his companies had attempted to dispose of assets that were rightfully part of the Taylor's receivership estate and that Taylor's and HPM America were "alter ego entities."  When IPEC became aware of this information, it concluded that

> certain individuals, and companies controlled by them, have participated, both before and after judgment in this case, in fraudulent conveyances of money, property and assets of the judgment debtor to their own use or the use of entities controlled by them in order to intentionally render Judgment Debtor Sandretto USA, Inc., insolvent and/or unable to pay the judgment entered against it in this action.

(Motion to Amend/Correct Judgment and Motion for Sanctions, Doc. No. 50, "Motion to Amend," at 5-6.)

IPEC then served Sandretto and Taylor's with discovery in aid of execution on October 9, 2009. Among other things, the requests for admission asked Defendants to identify money, property and assets which had been transferred to the control of HPM America, Christopher Filos, Joseph Filos, Douglas E. Filos, Edward Finley, Richard Eichler, Gerard J. Sposato, Dean M. Francis, and William Purcell.  The last seven named persons ("the Individuals") had all been officers or key managerial employees of Taylor's, HPM, and/or Sandretto.  Although service of the discovery was also made (or attempted to be made) on each of the Individuals, none of them, Christopher Filos, Taylor's or

Sandretto, responded as of November 9, 2009, the date on which the responses were due.

On March 9, 2010, Plaintiff filed the now-pending motion to amend the judgment with the goal of naming the eight individuals identified above as judgment debtors,[5] based on their fraudulent conveyances of Sandretto and/or Taylor's assets. In the alternative, IPEC seeks sanctions in the form of an order of court subjecting Christopher Filos and the Individuals to arrest and imprisonment in the event the outstanding judgment is not paid in full within 30 days of that order.

The Court ordered IPEC to file a brief in support of the Motion setting forth the authority for entry of judgment against Christopher Filos and the Individuals and to further elaborate on the sanctions it was seeking for Sandretto's failure to respond to the discovery in aid of execution. (Doc. No. 51.) IPEC filed the requested brief on March 16, 2010, then again attempted service on Christopher Filos and each of the Individuals by U.S. Postal Service at their home addresses, at Sandretto headquarters in Mount Gilead, Ohio, and, in the case of Messrs. Christopher Filos, Joseph Filos, Eichler, Finley,

---

[5] IPEC later agreed, based on an affidavit from Edward Finley, that he had not been employed by either Defendant at the time suit was brought and the judgment entered against Taylor's and Sandretto. Therefore, IPEC no longer seeks to modify the judgment to include Mr. Finley and he is not included among the "Individuals" referred to herein.

Sposato and Francis, by electronic mail at what was believed to be yet another new organization controlled by Christopher Filos, Polaris America, Inc.  While electronic mail messages to Joseph Filos, Edward Finley, and Dean Francis were returned as undeliverable, the messages to Messrs. Christopher Filos, Eichler and Sposato were not.

When no one entered an appearance for Defendants, Christopher Filos, or any of the Individuals in response to IPEC's Motion to Amend, the Court entered an order setting a hearing for April 28, 2010, and directing that "the failure of any individual. . . who has been personally served with a copy of this Order and who is shown to be an officer or key managerial employee of Defendant Sandretto USA, Inc., to appear at the hearing, unless excused from appearing by the Court, may result in the entry of a judgment against said individual in the amount of $351,653.00 and/or the imposition of appropriate sanctions."  (Doc. No. 53.)   This order finally motivated Taylor's and Sandretto to seek legal counsel and John Daley, Esq., of Brennan, Robins & Daley, entered his appearance on their behalf on April 14, 2010.

Sandretto and Taylor's filed a brief in opposition to the Motion to Amend on April 23, 2010, arguing somewhat ambiguously that Christopher Filos had approached Mr. Daley to oppose IPEC's

motion on behalf of the Individuals even though Mr. Daley had entered an appearance only on behalf of Sandretto and Taylor's. (Doc. No. 55.)   The Court directed Christopher Filos to appear in person as a witness at the continuation of the hearing on the Motion to Amend, scheduled for May 11, 2010.[6] (Doc. No. 60.)

Following the hearing and Christopher Filos's testimony, the Court entered an order directing Plaintiff to once again serve counsel for Defendants Taylor's and Sandretto, as well as Christopher Filos directly, with the discovery in aid of execution; the responses to the requests for admission and interrogatories were to be provided within seven days of being served.   The recipients were directed to respond to requests for production of documents within the same seven days, recognizing that certain documents were in the possession of the Morrow County prosecutor; these were to be provided not later than June 1, 2010.   Christopher Filos was to be deposed not later than June 4, 2010, and a second hearing was held on June 15, 2010. (Doc. No. 67.)

---

[6] On May 7, Sandretto moved for a continuance of that hearing, stating to the Court that Christopher Filos had retained a criminal defense attorney to represent him in an on-going investigation in Morrow County, Ohio. Because his counsel, Keith Schneider, was not licensed to practice in Pennsylvania or admitted to the bar of the United States District Court for the Western District of Pennsylvania, Mr. Schneider had suggested other counsel to represent Christopher Filos before this Court.   (Doc. No. 61.)   However, Bradley D. Barbin, Esq., entered his limited appearance to assist Mr. Daley one day before the scheduled hearing, Mr. Daley withdrew the motion to continue, and the hearing took place as originally scheduled.

7

The Court having received testimony, oral arguments and written briefs from the parties on the subject, the question of amending the judgment to include Christopher Filos and the other Individuals, or alternatively, to hold them in contempt, is now ripe for decision.

B.   SANDRETTO SHALL BE HELD IN CONTEMPT OF COURT

IPEC argues that Sandretto, its officers, directors, and managerial employees "have amply demonstrated" their contempt for this Court's processes by failing to respond to or attend the conferences scheduled for December 18, 2008, January 20, 2009, and February 19, 2009, and by collectively refusing to participate in the discovery in aid of execution. (Plaintiff's Brief, Doc. No. 52, at 6-7.) As sanctions for this contempt, IPEC proposes that (1) the requests for admissions contained in the discovery in aid of execution be deemed to have been admitted by Sandretto, and (2) that should Sandretto fail to respond fully to the discovery, the judgment be increased by $1,000 per day and that such an increase be equally applicable to the Individuals held liable for contempt. (Id. at 8.)

IPEC subsequently argued after Defendants and the Individuals were served the second time with the discovery in aid of execution, that because their responses were inadequate, additional sanctions should be imposed under Federal Rules of

Civil Procedure 11, 16, and 37(a)(4), or alternatively, under
28 U.S.C. § 1927. (Doc. No. 76 at 8.)

There is no question that a court has the authority to hold
a party who fails to obey its valid order in either civil or
criminal contempt. *See* Eros Entm't, Inc. v. Melody Spot,
L.L.C., CA No. 99-1157, 2005 U.S. Dist. LEXIS 43227, *10-*11
(E.D. N.Y. Oct. 11, 2005); United States v. United Mine Workers,
330 U.S. 258, 298-299 (1947) ("Common sense would recognize that
conduct can amount to both civil and criminal contempt. The same
acts may justify a court in resorting to coercive and to
punitive measures.")   The goal of a civil contempt sanction is
to "coerce the contemnor into compliance with the court's order
and/or to compensate the complaining party for losses incurred
as a result of the contemnor's conduct." SD Prot., Inc. v. Del
Rio, 587 F. Supp.2d 429, 433 (E.D. N.Y. 2008) (internal citation
omitted.)   As the United States Court of Appeals for the Third
Circuit recently affirmed, to avoid the consequences of a civil
contempt order, "the contemnor need only comply with the order
to avoid being jailed." Egnotovich v. Greenfield Twp. Sewer
Auth., No. 10-1055, 2010 U.S. App. LEXIS 8923, *6 (3d Cir. Apr.
29, 2010), *citing* Chadwick v. Janecka, 312 F.3d 597, 608 (3d
Cir. 2002), and Gompers v. Bucks Stove & Range Co., 221 U.S.
418, 441-442 (1911).

The party seeking an order of court holding another party in civil contempt has the burden of proving the non-movant's guilt.  Robin Woods, Inc. v. Woods, 28 F.3d 296, 299 (3d Cir. 1994).  Here, IPEC must establish three elements of proof by clear and convincing evidence: (1) that there was a valid court order; (2) that Sandretto knew of the order; and (3) that Sandretto disobeyed that order.  Roe v. Operation Rescue, 919 F.2d. 857, 871 (3d Cir. 1990).  While the validity of the Court's order is not subject to question, any ambiguities in the order should be resolved in favor of the alleged contemnor and if there is any reason to doubt the wrongfulness of that party's conduct, the contempt citation should not be granted.  Harris v. City of Philadelphia, 47 F.3d 1311, 1326 (3d Cir. 1995).

It is irrefutable that Sandretto and Taylor's have repeatedly failed to comply with Orders of this Court, the first two instances being when they failed to appear – or to engage counsel to appear on their behalf – at the pretrial conference initially set for January 20, 2009, and at the case management conference set for February 19, 2009.  The sanction imposed for those failures was the entry of default and a default judgment and therefore disobedience to any order prior to the entry of default is no longer at issue.  Their failure to respond to the discovery in aid of execution in October-November 2009 led to

IPEC being compelled to file this Motion to Amend the judgment and for further sanctions.  In the interim, neither Sandretto nor Taylor's took any affirmative action to satisfy the default judgment.  In fact, it appears to the Court, based on the evidence presented by Plaintiff at the hearings, including the report of the Ohio receiver, that Defendants have taken every step possible to make themselves judgment-proof.

Moreover, Sandretto has not been forthcoming, to say the least, with Plaintiff and the Court.  For example, the answers to the interrogatories posed as part of the discovery in aid of execution to which Defendants finally responded on May 18, 2010, indicate that Sandretto "shut down" in 2008.  (*See* Plaintiff's Hearing Exh. L, at 15.)  Christopher Filos confirmed this in his testimony at the hearing, also stating that Sandretto had no assets.  Based on more persuasive evidence, the Court declines to accept this as truthful.  For example, as late as November 18, 2008, when the parties engaged in mediation, there was no hint in the record that Sandretto was no longer in operation.  Christopher Filos testified vaguely that although Sandretto's went out of business in 2008, he did not know why its attorneys never filed documents with the State of Ohio to dissolve the corporation.  Most importantly, when served with the discovery in aid of execution in October 2009, not one employee of

Taylor's or Sandretto, including Christopher Filos, responded to Plaintiff with a simple statement that Sandretto was no longer in business.   In fact, when Mr. Daley entered his appearance on behalf of Sandretto, he gave no indication to the Court that he was acting on behalf of a non-existent corporation which had "shut down" two years earlier.

On May 11, 2010, the Court directed IPEC to once again serve counsel for Defendants and Christopher Filos with the discovery in aid of execution.   (Doc. No. 67.)   In the responses thereto, Sandretto repeatedly denied that it or Taylor's transferred any assets directly or indirectly to other parties (including HPM America and the Individuals) after this action was begun.   However, Mr. Shawn Fabry, IPEC's chief financial officer who testified at the hearing on June 15, 2010, pointed out that Sandretto's 2008 federal income tax return shows that a shareholder loan of some $292,000 (presumably to Taylor's which was identified as the sole shareholder of the company) and a receivable from Taylor's of approximately $1,947,000 were written off that year without explanation.   The response to each of some 28 requests for production of documents in May was that production was "pending," but according to IPEC's supplemental brief filed on June 29, 2010, no documents had yet been

provided. To date, no party has advised the Court that these requests have been satisfied.

The Court notes that substantial compliance with a court order is a defense to an action for civil contempt. Robin Woods, 28 F.3d at 399. Wisely, Sandretto has not argued that it should not be held in contempt because it complied with the Court's order to respond to the discovery in aid of execution after it was served for the second time, because by no stretch of the imagination could the Court agree with such an argument. Christopher Filos testified that many of the documents being sought are being held by the Morrow County Prosecutor's Office, but a letter from that office to his attorney, with a copy to the Court, confirms that the documents in its possession were not seized until February 25, 2010, more than four months after the initial discovery was served on Sandretto and Taylor's. Although he testified that neither he nor Sandretto was ever served with that initial request, in light of all the evidence presented at the hearing, we find this testimony not credible. The alleged contemnor has the burden of showing that it took all reasonable steps to comply with the court's order but must show "categorically and in detail" that such compliance was impossible. Elec. Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir. 2003)

("Elec. Workers") (citation omitted.)  We find no evidence that Christopher Filos -- the person identified in the responses to the discovery request as the person completing the company's responses -- made any such attempt to substantially comply.

We conclude Sandretto should be held in contempt for failing to cooperate in discovery and for providing false and incomplete information to IPEC and the Court in its inadequate responses to the discovery in aid of execution.  Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides a number of options for the court when a party fails to obey an order to provide discovery, including treating as contempt of court the failure to obey that order.  In addition, Rule 37(b)(2)(C) allows the Court to order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

As set forth in more detail in the Order entered simultaneously herewith, a hearing shall be held on October 13, 2010, at which time the Court shall hear argument from the parties regarding the sanction(s) to be imposed upon Sandretto.

14

C.   CHRISTOPHER FILOS SHALL BE HELD IN CONTEMPT

Almost one hundred years ago, the Supreme Court of the United States held that an officer of a corporation may be held liable for the corporation's failure to comply with a court order.

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs.   If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This practice of holding the officers liable for the contempt of the corporation has been repeatedly applied by the federal courts.  *See*, e.g., Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 676 (3d Cir. 1999); SD Prot. Inc., 587 F. Supp.2d at 435, n.2; Rousseau v. 3 Eagles Aviation, Inc., CA No. 02-208, 2004 U.S. Dist. LEXIS 1262, *6, n.3 (E.D. La. Jan. 28, 2004).

Christopher Filos is or was the controlling power, if not the sole shareholder, of Sandretto, Taylor's, HPM, HPM America, and Polaris America, as well as numerous other Taylor-related companies.  It is clear from the evidence that he continues to believe he can ignore the order of default judgment against Sandretto and Taylor's.  Since at least January 2009, when

Sandretto and Taylor's failed to appear for the pre-trial conference and failed to offer any excuse for that absence, those business entities, of which Christopher Filos is the heart, have been in contempt of court. Under Wilson, there is no doubt that he, as the person "officially responsible" for their conduct, may be punished for contempt. *See* Amerisource Corp. v. Rx USA Int'l Inc., CA No. 02-2514, 2010 U.S. Dist. LEXIS 67108, *16-*17 (E.D N.Y. July 6, 2010), imposing sanctions on a nonparty who was the majority shareholder and chief executive of the corporate defendant, and the only party through whom the defendant acted; *see also* Elec. Workers, 340 F.3d at 383, holding that "if a corporate officer avoids a court's order to the corporation by failing to take action or attempt compliance. . . . it is fully appropriate to impose judicial sanctions on the nonparty corporate officer."

The Court therefore finds Christopher Filos in contempt of Court and, as set forth in the Order of Court entered below, shall entertain argument of the parties on October 13, 2010, as to the sanctions which should be imposed.

D.   CONTEMPT BY THE INDIVIDUALS

At this point, the responsibilities and roles of other Sandretto and Taylor's officers are unclear.  Unlike Mr. Finley who provided an affidavit attesting to the fact that he was not

an officer of either company at any time between July 2007 when IPEC filed suit and March 2009 when the default judgment was entered, Joseph Filos, Douglas Filos, Richard Eichler, Gerard J. Sposato, Dean M. Francis, and William Purcell were associated with one company or the other at the time, and Christopher Filos testified that employees and officers moved back and forth between those two companies as needed. As recently as January 2010, an article published in a newsletter for the plastics industry indicated that Mr. Sposato and Mr. Eichler were associated with Christopher Filos's new enterprise, Polaris America.[7]  Joseph Filos and Douglas Filos are identified on another website as vice presidents of Taylor's Towing and Recovery, an affiliate of Taylor's, and Christopher Filos is listed as the president.[8]

It strains credulity to believe that although IPEC served or attempted to serve each of the Individuals at multiple addresses with the discovery in aid of execution, not one of them was actually served or, if he was served, he did not immediately consult with Christopher Filos about the situation. To the best of the Court's knowledge, none of them took any

---

[7] See http://plasticsnews.com/headlines2.html?id=17641, last visited September 13, 2010.

[8] See http://www.taylorstowing.com/2003/home/management/management.php, last visited September 13, 2010.

steps to assure Sandretto's compliance with the discovery requests. However, because the role, if any, these Individuals played in the decision to ignore the default judgment against Sandretto and Taylor's is unclear, the Court will not, at this time, hold them in contempt. Instead, Joseph A. Filos, Douglas E. Filos, Richard A. Eichler, Gerard J. Sposato, Dean M. Francis and William Purcell are hereby ordered to appear before this Court on October 13, 2010, to show cause why they should not also be held in contempt of court.

E.   MOTION TO AMEND THE DEFAULT JUDGMENT

The Court shall hold in abeyance its ruling on that portion of IPEC's pending motion which seeks to include HPM America, Christopher Filos or the Individuals as additional judgment debtors until after the hearing on October 13, 2010.

September 28, 2010

William L. Standish
United States District Judge

18